```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
TIMOTHY PARRISH,

                     Plaintiff,
v.                                    Case No.   3:07-cv-220-J-33TEM

J.A. CROSON LLC, a Florida Limited
Liability Corporation,


                     Defendant.
_____/
```

**ORDER**

This cause comes before the Court pursuant to the Motion for Entry of Default Final Judgment (Doc. #9) filed by Plaintiff Timothy Parrish ("Parrish") on July 18, 2007. By his motion, Parrish seeks the entry of a final default judgment against Defendant J.A. Croson LLC ("J.A. Croson") in the amount of $36,825. J.A. Croson has failed to file a response in opposition to the Motion for Entry of Default Final Judgment, and the time for J.A. Croson to file such a response has elapsed. See Local Rule 3.01(b), M.D. Fla. For the reasons stated below, Parrish's motion is granted in part.

**Background**

Parrish filed his complaint against J.A. Croson on March 26, 2007 (Doc. #1) alleging that J.A. Croson routinely required Parrish to work over forty hours per week and that J.A. Croson willfully failed to pay overtime compensation to Parrish in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b) (FLSA). Parrish

seeks overtime pay, liquidated damages, and attorney's fees and costs.

On March 30, 2007, J.A. Croson was served with a summons and a copy of the complaint through J.A. Croson's registered agent. (Doc. #5). J.A. Croson failed to file an answer to the complaint and accordingly, on May 3, 2007, the Clerk entered a default. (Doc. #8). Parrish now seeks a final default judgment against J.A. Croson.

Parrish filed an affidavit containing the following sworn statements concerning his entitlement to overtime compensation:

> I was employed by Defendant, J.A. Croson LLC., as a project forman from approximately September 5, 2005 until February 9, 2007 (69 weeks). During my employment with Defendant, I generally worked fifty (50) hours per week. During my employment with Defendant, I was paid $16.00 per hour, for my regular hours worked. Defendant failed to provide me with any overtime compensation, whatsoever, for my overtime hours worked.
> Based on my calculations, I worked a total of 690 overtime hours, for which Defendant failed to [pay] me time and one half compensation (10 overtime hours worked each week multiplied by 69 weeks). I am therefore owed a total of $16,560 in unpaid overtime wages, calculated as follows: $16 x 1.5 equals my overtime hourly rate of $24. My overtime rate of $24 x 690 equals $16,560. I am also entitled to liquidated damages in the amount of $33,120. By my calculations, I am owed a total of $33,120 ($16,560 in unpaid overtime wages + $16,560 in liquidated unpaid wages).

(Doc. #9-2 at 4-5).

**Analysis**

Well-pleaded factual allegations are established by default. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206

(5th Cir. 1975); see also Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  Parrish's complaint and above-referenced affidavit contain sufficient factual allegations to establish J.A. Croson's liability under FLSA.

    **A.**    **Damages**

FLSA mandates that employees receive one and one-half times their regular rate of pay for all hours worked in excess of forty per week.  See 29 U.S.C. § 207(a)(1).[1]  J.A. Croson does not contest Parrish's sworn statement that he worked 690 overtime hours.  Accordingly, Parrish is entitled to be compensated at his overtime rate of $24 for the 690 overtime hours to yield the amount of $16,560.

In addition, under FLSA Section 216(b), an employee who was not paid overtime wages shall receive an amount equal to the unpaid overtime wages in liquidated damages.  See, e.g., Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988).  Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions.  Id.; see also 29 U.S.C. § 260.

---

[1] The purpose of the FLSA overtime provision is two-fold: "(1) to spread out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and (2) to compensate employees who, for a variety of reasons, worked overtime." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1256 n.4 (11th Cir. 2001).

J.A. Croson failed to contest Parrish's entitlement to overtime compensation, and J.A. Croson has not asserted that it acted in good faith or that it reasonably believed that it complied with FLSA's overtime provisions. Accordingly, Parrish is entitled to receive $16,560 in liquidated damages. In total, Parrish is entitled to $33,120 in damages.

**B.    Attorney's Fees**

In addition, FLSA authorizes an award of attorney's fees and costs to prevailing plaintiffs in proceedings to enforce FLSA's provisions. See 29 U.S.C. § 216(b).[2] Parrish's counsel filed an "Affidavit for Reasonable Attorneys' Fees" (Doc. #9-2 at 8) as well as detailed time sheets reflecting each task performed and the associated time increments (Doc. #9-2 at 11).

Parrish's counsel seeks $3,210 in fees comprised of 10.7 hours of legal work at a rate of $300 per hour. As required by Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988), this Court must employ the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v.

---

[2] In Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987), the court determined that "Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases. In consideration of the language of section 216(b), and its underlying purpose, we hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment."

Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Court finds that the number of hours that Parrish's attorney expended is reasonable; however, the Court determines that the hourly rate of $300 is unreasonable.[3]

"The fee applicant bears the burden of establishing entitlement [to] hourly rates." Norman, 836 F.2d at 1303 (11th Cir. 1988). With respect to rates, an applicant may produce direct evidence of rates charged under similar circumstances or opinion evidence rendered by an expert. Id. In this case, Parrish's attorney, admitted to practice in the state of Florida in 2003, has not carried her burden of demonstrating entitlement to an hourly rate of $300. Parrish's attorney's affidavit is devoid of information about the prevailing rates charged by similarly situated attorneys in her community and she has not provided the affidavit of an expert or other attorney practicing in her legal community.[4]

This Court finds that Parrish's attorney is entitled to a rate of $200 per hour. This determination is consistent with recent judicial determinations in this district including Wilson v. DCF, Case No. 3:02-cv-357-J-32TEM, 2007 U.S. Dist. LEXIS 26739, at * 13

---

[3] In reviewing counsel's time records, this Court found no "hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

[4] The determination of the reasonableness of an attorney's fee lies in the sound discretion of the trial court. Norman, 836 at 1301.

(M.D. Fla. April 11, 2007)(finding an attorney admitted to practice in Florida in 1986 entitled to an hourly rate of $250); Citibank v. Nat'l Arbitration Council, Inc., Case No. 3:04-cv-1076-J-32MCR, 2007 U.S. Dist LEXIS 30856, at *5-6 (M.D. Fla. April 26, 2007)(approving the following rates: supervising attorney with 30 years experience-rate of $238, senior associate-rate of $166, junior associate-rate of $112-$135.00); Steffen v. Akerman Senterfitt, Case No. 8:04-cv-1693-T-24MSS, 2007 U.S. Dist. LEXIS 39968, at *9 (M.D. Fla. June 1, 2007)(finding the following rates were reasonable in Tampa, Florida: $220-$450 for partners, $150-$225 for associates).

Accordingly, Parrish is entitled to be reimbursed by J.A. Croson for Parrish's attorney's fees in the amount of $2,140 ($200 [reasonable rate] x 10.7 [number of hours expended by attorney].

**C.   Costs**

Parrish has submitted receipts to the court reflecting costs in the amount of $495.[5]  Pursuant to 29 U.S.C. § 216(b), Parrish is entitled to be reimbursed by J.A. Croson for the reasonable costs associated with the prosecution of this lawsuit.  Accordingly, Parrish is entitled to be reimbursed by J.A. Croson for Parrish's

---

[5]Specifically, the costs submitted represent this court's fee for opening the case and the fee charged by the process server employed by Parrish to effect service of process on J.A. Croson (Doc. #9-2 at 13).

costs in the amount of $495.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. Motion for Entry of Default Final Judgment (Doc. #9) is **GRANTED IN PART as follows:**
2. J.A. Croson is in default, and the factual allegations in the complaint (Doc. # 1) are deemed admitted by J.A. Croson;
3. J.A. Croson is in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216;
4. The Clerk is accordingly directed to enter Judgment in favor of Parrish in the amount of $35,755, allocated as follows:
    a. damages in the amount of $33,120;
    b. attorney's fees in the amount of $2,140;
    c. costs in the amount of $495; and
5. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 10th day of August, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record